# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JERRY W. COFFEY,           )
                           )
         Plaintiff,        )
                           )
v.                         )  Case No. CIV-06-272-KEW
                           )
MICHAEL J. ASTRUE,         )
Commissioner of Social     )
Security Administration,   )
                           )
         Defendant.        )

## OPINION AND ORDER

This matter comes before this Court on the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) filed by Plaintiff's counsel, Timothy M. White on January 26, 2009 (Docket Entry #28) and the Motion Requesting Oral Argument on Rule 59(e) Motion filed on the same date (Docket Entry #29). Mr. White requests that this Court revisit this Court's Order entered January 14, 2009 which denied his request to stay this case pending agency approval of his request for attorney's fees under 42 U.S.C. § 402(a).

Counsel reiterates his position that he cannot file a motion requesting fees under § 406(b) until the award under § 406(a) is known. He first sets out a primer for the uninitiated on the various types of fees an attorney may seek in a Social Security case, including the manner, from whom, and the time frame in which they must be sought. After four pages of such information, Counsel contends he cannot seek his § 406(b) fees until he obtains a determination of his § 406(a) request by the agency because "the amount of the § 406(a) attorney fee is generally subtracted from the claimant's past due benefits from the § 406(b) fee requested."

Counsel is concerned that a court ruling upon the reasonableness of the § 406(b) request will exceed the amount held by the agency from the past due benefits.

Counsel's position is flawed. The Tenth Circuit Court of Appeals has not included the agency's ruling as a part of the reasonableness determination of a § 406(b) request for fees. *See*, McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). Indeed, the agency determination under § 406(a) has little bearing upon the analysis since it is not included in the 25% limitation on fees. Wrenn v. Astrue, 525 F.3d 931 (10th Cir. 2008). Moreover, the Tenth Circuit has expressly ruled on this very issue, albeit in an unpublished decision, and found awaiting the agency's decision is not a basis for failing to file a § 406(b) request in a timely fashion. *See*, Early v. Astrue, 2008 WL 4492602, 3 (10th Cir. (Okla.)). Counsel's problem appears to be one of collection - an issue outside the scope of this Court's concern in considering a § 406(b) request. Should the agency approve a § 406(a) request after collection from the agency of a § 406(b) fee which drained the entirety of the 25% amount withheld by the agency from past due benefits, the attorney will have to collect the § 406(a) fee from another source. This dilemma does not, however, bear in any way upon the requirement of timeliness for the § 406(b) request.

IT IS THEREFORE ORDERED on the Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) filed by Plaintiff's counsel, Timothy M. White on January 26, 2009 (Docket Entry #28) is hereby **DENIED**.

IT IS FURTHER ORDERED that the Motion Requesting Oral Argument

2

on Rule 59(e) Motion filed on the same date (Docket Entry #29) is hereby **DENIED**, as it is not found that oral argument would substantially aid the Court in its decision.

IT IS SO ORDERED this 12th day of May, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE